IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CHARLES MARK HUMPHREY                                                              PLAINTIFF

vs.                                         Civil No. 4:15-cv-04098

CAROLYN W. COLVIN                                                                  DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Charles Mark Humphrey ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 6.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.   Background:**

Plaintiff protectively filed his disability application on January 11, 2012. (Tr. 8, 127-130). Plaintiff alleges being disabled due to cervical stenosis, cervical strain, and foraminal stenosis. (Tr. 168). Plaintiff alleges an onset date of September 10, 2011. (Tr. 8). This application was denied initially and again upon reconsideration. (Tr. 70-71).

Thereafter, Plaintiff requested an administrative hearing on his application, and this hearing

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

request was granted. (Tr. 80-101). Plaintiff's administrative hearing was held on May 21, 2013. (Tr. 26-69). Plaintiff was present at this hearing and was represented by counsel. *Id.* Plaintiff and Vocational Expert ("VE") Mr. Hildry[2] testified at this administrative hearing. *Id.* At this hearing, Plaintiff testified he was forty-eight (48) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008) (DIB), and had completed some college courses. (Tr. 31).

Thereafter, on July 9, 2014, the ALJ issued and unfavorable decision denying Plaintiff's application for DIB. (Tr. 5-19). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through December 31, 2016. (Tr. 11, Finding 1). The ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since September 10, 2011, his alleged onset date. (Tr. 11, Finding 2). The ALJ determined Plaintiff had the following severe impairment: degenerative disc disease of the cervical spine. (Tr. 11-12, Finding 3). The ALJ determined Plaintiff's impairment did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 12, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 12-17, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to lift and/or carry 20 pounds occasionally and 10 pounds frequently; sit, stand and/or walk for about 6 hours in an 8-hour workday; and push and/or pull on an unlimited basis (other than as shown for lift and/or carry). The claimant has no postural, manipulative, visual limitations, communicative, or environmental.

---

[2] The first name of Mr. Hildry was not included in the transcript. (Tr. 26-69).

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and determined he was unable to perform any of his PRW. (Tr. 17, Finding 6). The ALJ then determined whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 18, Finding 10). The VE testified at the administrative hearing on May 21, 2013 regarding this issue. *Id.* Based upon that testimony, the ALJ determined Plaintiff retained the capacity to perform the following occupations: (1) order clerk with 139,000 such jobs in the nation and 500 such jobs in Arkansas; (2) lens inserter with 100,000 such jobs in the nation and 500 such jobs in Arkansas; and (3) optical goods assembler with 100,000 such jobs in the nation and 500 such jobs in Arkansas. *Id.* Because Plaintiff retained the capacity to perform this other work, the ALJ determined he was not disabled from September 10, 2011 through the date of his decision or through July 9, 2014. (Tr. 19, Finding 11).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 23). The Appeals Council denied this request for review. (Tr. 1-3). On September 30, 2015, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on September 30, 2015. ECF No. 6. Both Parties have filed appeal briefs. ECF Nos. 10-11. This case is now ready for decision.

**2.   <u>Applicable Law:</u>**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to

support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment

listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3.   **Discussion:**

In his appeal brief, Plaintiff raises the following arguments for reversal: (1) the ALJ did not comply with *Polaski* when discounting his subjective complaints of disabling pain; and (2) the ALJ erred in disregarding the findings of his treating physicians. ECF No. 10. Because the Court finds the ALJ erred in failing to properly consider the opinions of Plaintiff's treating physicians, the Court will only consider Plaintiff's second argument for reversal.

Plaintiff's treating physicians are Dr. Guy Danielson, M.D. and Dr. Ronald Stephens, M.D. (Tr. 307-312). Both of these physicians found Plaintiff would only be able to lift ten pounds, even occasionally. *Id.* Such a finding is in direct conflict with the ALJ's determination that Plaintiff retains the capacity to lift twenty pounds occasionally. *See* Tr. 12. In his decision to discount their findings, the ALJ engaged in the following speculation:

> As for the opinion evidence, I have considered Dr. Danielson's opinion. Dr. Danielson initially opined that the claimant could lift 25 pounds. However, after having a conversation with the claimant, stated that the claimant was limited to lifting 10 pounds. *The scenario indicates that the doctor apparently relied quite heavily on the subjective report of symptoms and limitations provided by the claimant resulting in a change in the weight limitation*. No weight will be given to Dr. Danielson's opinion.

5

> Dr. Stephens agreed with Dr. Danielson's limitations. *For the reasons noted above and because a weight limitation of 10 pounds is not supported by the medical evidence of record, no weight will be given to this opinion as well.*

(Tr. 17) (emphasis added).

The ALJ is this case was required to give "good reasons" for discounting the findings of these treating physicians. *See* 20 C.F.R. § 404.1527(d)(2) (2012). *See also Tiley v. Astrue,* 580 F.3d 675, 680 (8th Cir. 2009) (holding "[t]he regulations require the ALJ to 'always give good reasons' for the weight afforded to the treating physician's opinion"). Mere speculation as to the bases of their opinions is not sufficient. *See id.* In this case, the ALJ simply engaged in speculation as to why Drs. Danielson and Stephens placed such severe restrictions on Plaintiff. Because the ALJ did not provide "good reasons" for discounting their findings, this case must be reversed and remanded for further consideration of Drs. Danielson's and Stephens's findings.

**4.     Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 12th day of August 2016.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE